IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRYAN S.,[1]

        Plaintiff,

    v.

KILOLO KIJAKAZI, Commissioner of
Social Security,

        Defendant.

Case No. 6:21-cv-00972-MK

**OPINION AND ORDER**

**KASUBHAI, U.S. Magistrate Judge.**

    Bryan S. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Court reverses the Commissioner's decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.     PLAINTIFF'S APPLICATION

Plaintiff filed his application for DIB on February 21, 2020, alleging disability beginning January 13, 2019. (Tr. 210-14.) Plaintiff's claim was denied initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 127-37.) After an administrative hearing, ALJ Katherine Weatherly issued a written opinion denying Plaintiff's claim. (Tr. 59-74.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.) This appeal followed.

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari,* 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett,* 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 59-74.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 13, 2019. (Tr. 64.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: degenerative

PAGE 3 – OPINION AND ORDER

disc disease of the lumbar spine, status post 2020 L4-5 bilateral microlaminotomy; posttraumatic stress disorder (PTSD); generalized anxiety disorder; depressive disorder; alcohol dependence; obstructive sleep apnea; and opioid use disorder (in remission). (Tr. 65.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 65.)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations:

> [Plaintiff] can occasionally climb stoop, kneel, crouch, or crawl. He must avoid exposure to workplace hazards, including unprotected heights and dangerous machinery. He must be permitted to alternate between sitting and standing every 30 minutes while remaining on task. He can tolerate occasional contact with co-workers, but he must avoid interaction with the public.

(Tr. 66.)

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (Tr. 69.) At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 69-70.) The ALJ therefore concluded that Plaintiff was not disabled from the alleged onset date through March 12, 2021, the date of the ALJ's decision. (Tr. 70.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; and (3) rejecting the lay witness testimony.

## DISCUSSION

I. **MEDICAL OPINION EVIDENCE**

Plaintiff first argues that the ALJ improperly evaluated the medical opinions of William McConochie, Ph.D., and Ehsan Hazrat, M.D. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

PAGE 4 – OPINION AND ORDER

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996)).

### 1. William McConochie, Ph.D.

Dr. McConochie completed a "Disability Benefits Questionnaire" for the Department of Veterans Affairs in March 2019 regarding Plaintiff's symptoms and limitations. (Tr. 2381-87.) In his written opinion, Dr. McConochie discussed Plaintiff's treatment history and his relationships. (Tr. 2381.) Dr. McConochie concluded that Plaintiff's "psychiatric problems seriously limit his ability to concentrate well enough to work in a job." (Tr. 2381.)

The ALJ is required to provide an explanation of his evaluation of medical opinions and prior administrative findings. 20 C.F.R. 404.1520(c). Here, the ALJ did not evaluate the persuasiveness of Dr. McConochie's opinion. The Commissioner argues that this was not error because Dr. McConochie did not render an opinion regarding Plaintiff's functional limitations. The Court disagrees. While Dr. McConochie did not express his opinion in the language used by the Agency, he clearly opined that Plaintiff's psychiatric problems were sufficiently serious to prevent substantial gainful employment. It was the ALJ's responsibility to translate this opinion

PAGE 5 – OPINION AND ORDER

into a functional limitation or provide legally sufficient reasons for rejecting it. Because the ALJ did neither of these, her rejection of Dr. McConochie's opinion was error.

### 2. Ehsan Hazrat, M.D.

Dr. Hazrat found that Plaintiff could not sit, stand, or walk for more than 20 minutes at a time, that Plaintiff would be off-task for 20 percent of a typical workday, and that Plaintiff would be absent for two days per month. (Tr. 1639.) The ALJ found this opinion unpersuasive because it was undermined by the medical evidence and by Plaintiff's own self-reporting. (Tr. 68.)

An ALJ may discount part of a medical opinion when it is inconsistent with the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Further, the ALJ is required to consider the supportability of a medical opinion given the longitudinal record. 20 C.F.R. § 404.1520(c)(1). Here, the ALJ noted that Plaintiff retained the ability to go hunting and maintain his activities of daily living. (Tr. 986, 1576.) The ALJ also noted that Plaintiff was able to care for two six-year-old boys while his wife was at work. (Tr. 243.) Plaintiff also reported being able to go out alone, drive, and get along with family, friends, neighbors, and authority figures. (Tr. 245, 247.) On this record, it was reasonable for the ALJ to conclude that Plaintiff was able to concentrate for more than 80 percent of a typical day and to sit, stand, or walk for more than 20 minutes at a time. It is unclear, however, how the ALJ concluded that this evidence contradicts Dr. Hazrat's opinion that Plaintiff would be absent for more than two days per month, because there is no evidence that Plaintiff was able to perform all his activities at the demanding frequency of a full-time job. For this reason, the ALJ's rejection of Dr. Hazrat's opinion the Plaintiff would miss two or more days of work per month due to his limitations was error.

Because the Court finds that the ALJ committed harmful error warranting reversal, the Court need not consider Plaintiff's other assignments of error.

**III.    REMAND**

Because the court finds that the ALJ committed harmful error in his evaluation of the medical evidence and therefore failed to include all of Plaintiff's limitations in Plaintiff's RFC, remand is appropriate. "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1020 (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, Plaintiff meets the credit-as-true standard, and a remand for benefits is appropriate. As explained above, the ALJ failed to provide legally sufficient reasons supported by substantial evidence for rejecting the medical opinions of Dr. McConochie and Dr. Hazrat. See *Pulliam v. Berryhill*, 728 F. App'x 694, 697 (9th Cir. 2018) (citing *Garrison*, 759 F.3d at 1020). Given the

substantial functional limitations in the improperly discredited opinion evidence, if this evidence were credited as true, the ALJ would be required to find Plaintiff disabled.

At the administrative hearing, the vocational expert testified that an individual could not perform any jobs if they were absent two of more days monthly. (Tr. 106.) As discussed above, Dr. Hazrat opined that Plaintiff would be absent from work two or more days per month due to his symptoms and limitations. (Tr. 1641.) For these reasons, and because the Court does not have serious doubt about whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **REVERSED and REMANDED** for the immediate payment of benefits.

**IT IS SO ORDERED.**

DATED this 9th day of August 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
